STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs, Mark Munoz, Jahleele Stanley, Trevor Shivers, Jose Cabrera, Samuel Cano, Victor Lopez, Eriberto Guzman, and Class Members

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES COUNTY WHO ARE BEING AND WHO HAVE BEEN PENALLY CONFINED IN PRE-TRIAL DETENTION BECAUSE OF AND DEPENDENT ON THEIR BAIL SET ABOVE THEIR INABILITY TO PAY BAIL, BY MARK MUNOZ, JAHLEELE STANLEY, TREVOR SHIVERS, JOSE CABRERA, SAMUEL CANO, VICTOR LOPEZ, ERIBERTO GUZMAN, and CLASS MEMBERS,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY, its PRESIDING JUDGE, ERIC TAYLOR, and TEN UNKNOWN, NAMED DEFENDANTS, 1-10,<br><br>Defendants. | **COMPLAINT**<br><br>(Declaratory and Injunctive Relief, 42 U.S.C. § 1983)<br><br><br>**CLASS ACTION ALLEGATIONS; REVERSE CLASS ACTION ALLEGATIONS**<br><br><br>**JURY DEMAND** |

1

*****

PEOPLE OF LOS ANGELES COUNTY AND OF CALIFORNIA, WHO ARE BEING AND WHO HAVE BEEN PENALLY CONFINED IN PRE-TRIAL DETENTION BECAUSE OF AND DEPENDENT ON THEIR BAIL SET ABOVE THEIR INABILITY TO PAY BAIL, BY MARK MUNOZ, JAHLEELE STANLEY, TREVOR SHIVERS, JOSE CABRERA, SAMUEL CANO, VICTOR LOPEZ, ERIBERTO GUZMAN, and CLASS MEMBERS,

Plaintiffs,

v.

SUPERIOR COURT OF LOS ANGELES COUNTY, and its PRESIDING JUDGE, ERIC TAYLOR, as defendant- class representatives, for all California county Superior Courts, except Los Angeles County and San Francisco County, and including the counties of: **Alameda, Alpine, Amador, Butte: Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Fresno, Glenn, Humboldt, Imperial, Inyo, Kern, Lake, Lassen, Madera, Marin, Mariposa, Mendocino, Merced, Modoc, Mono, Monterey, Napa, Nevada, Orange, Placer, Plumas, Riverside, Sacramento, San Benito, San Bernardino, San Diego, San Joaquin, San Luis Obispo, San Mateo, Santa Barbara, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Ventura, Yolo, and Yuba,**

Defendant-Class Representatives.

Plaintiffs and putative class members make the following allegations, in support of the this complaint:

## JURISDICTION AND VENUE

1. Plaintiffs are **MARK MUNOZ, JAHLEELE STANLEY, TREVOR SHIVERS, JOSE CABRERA, SAMUEL CANO, VICTOR LOPEZ, ERIBERTO GUZMAN,** who are or who were pretrial detainees in the Los Angeles County Jail who are or who were in the custody of the Los Angeles County Sheriff, because they all are or were impecunious and are or were unable to post the cash bail set and required by defendant Los Angeles County Superior Court, required for their releases, and who assert federal claims, under 42 U.S.C. § 1983 against defendant, and against **TEN UNKNOWN, NAMED DEFENDANTS, 1-10**; and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims, and jurisdiction lies pursuant to pursuant to 28 U.S.C. § 1332(a)(1).

2. The matters that are the bases for this action occurred and continue to occur in Los Angeles County, California, and in all California counties except San Francisco County, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs and all class members in all classes, whose number presently is believed to be about 14,000 to 17,000, are persons who are or were held in pretrial because they are or were impecunious and are or were unable to afford to pay the bail amount set for their release by defendants, and defendants are the perpetrators of their captivities, as well as defendants, whose true identities presently are unknown, who participated in the wrongful acts alleged herein, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, are persons who may have engaged in some

3

conduct that is culpable with respect to plaintiffs, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs herein alleged.

4. Defendants each and all are sued only in their official capacities.

5. Plaintiffs and class members all are persons who have been subjected to deliberate indifference to constitutional violations by defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the Los Angeles Superior Courts.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. Plaintiffs are or were prisoners who were held on bail that they could not afford to pay. Those plaintiffs sue for injunctive relief.

10. Defendants, setting bail for persons who unable to pay the amount of bail set for their releases, engaged in and are engaging in clearly unconstitutional conduct, with deliberate indifference, and arbitrarily deprived or are depriving

plaintiffs of their constitutional rights to life, fundamental liberty, property, and to be free from excessive fines and excessive bails.

## COUNT ONE

(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiffs re-allege specifically the allegations set forth in averments 9 & 10, hereinabove, and, by virtue thereof, all defendants are liable to plaintiffs, pursuant to 42 U.S.C. § 1983, for violation of decedent's and plaintiffs' Fourth, Eighth, and Fourteenth Amendment rights, not to be subjected to be held in pretrial custody on bail they cannot afford, with deliberate indifference by defendants.

12. By virtue of the violations alleged, plaintiffs and class members are entitled to declaratory and injunctive relief.

13.-18. Reserved.

## THE PLAINTIFFS'-CLASS ACTION ALLEGATIONS.

19. Plaintiffs are members of a class of persons have been harmed and are and/or were being harmed by their placement in custody and retention in custody because they are unable to pay bail.

20. The class is so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of classes, and are the only persons who have information sufficient to identify all of the members of classes, it is impracticable to join the members of those classes in these actions.

21. There are common questions of fact and of law with respect to each class member, to wit: are they being held or were they being held unconstitutionally, because of the bail set forth them and their inability to pay that bail.

22. The claims made by the representative parties plaintiff are typical of the claims of each plaintiff-class members' claims.

23. The representatives of the plaintiff class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

24. Prosecution of separate actions by individual plaintiff-class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally applicable to each class, and class questions predominate with respect to each class.

25. Therefore, these actions are maintainable under Fed. R. Civ. P. Rule 23 (b)(1) and (2).

26. It is impracticable precisely to measure the size of the plaintiff-class, but it numbers in the several thousands.

27. The nature of the notice to be provided to class members is that, as an injunctive relief class, no notice is required.

## THE DEFENDANT-CLASS ACTION ALLEGATIONS

28. Plaintiffs are members of a class of persons who have been harmed and are being harmed by their placement in custody and retention in custody because they are unable to pay unconstitutional bail.

29. Both the plaintiff-class is so numerous and the defendant-class is so numerous, the defendant-class numbers 56 members, that joinder of all defendant members is impracticable, it is impracticable to join the members of those classes in these actions.

30. There are common questions of fact and of law with respect to the defendant-class, to wit, its members held and are holding unconstitutionally pre-

trial prisoners because of those prisoners' inability to pay bail, and defendants have only common defenses and only typical defenses.

31. The claims made against the representative party, defendant-class representative defendants Los Angeles County Superior and its presiding judge, Eric Taylor, are typical of the claims of each member of the defendant-class.

32. The representatives of the defendant-class fairly will represent and adequately protect the interests of all defendant-class members, and will do so both vigorously and zealously.

33. Prosecution of separate actions against individual defendant-class members would create a risk of inconsistent or varying adjudications with respect to defendant-class members, which would establish incompatible standards for parties in and opposing the class, and defendant-class have acted and refused to act on grounds generally applicable to each defendant-class member, and defendant-class questions predominate with respect to each defendant-class member and to the defendant-class.

34. Therefore, the defendant-class action is maintainable under Fed. R. Civ. P. Rule 23 (b)(1) and (2).

35. The size of the defendant class is 56 members (all California county superior courts, except Los Angeles County and San Francisco County.)

36. The nature of the notice to be provided to class members is that, as an injunctive relief class, no notice is required.

**WHEREFORE**, plaintiffs and class members request relief against each defendant and each defendant-class member, as follows:

1. Declaratory relief, that the setting of monetary bail during pretrial detention of persons who cannot afford to pay bail is unconstitutional;

2. Injunctive relief, ordering all California defendant county courts to vacate cash bails set for persons who are unable to pay that bail and ordering the release from pre-trial detention of those pre-trial detainees, who cannot afford to pay bail;

3. The costs of action;

4. Attorneys' fees; and,

6. Such other relief as is just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

**YAGMAN + REICHMANN, LLP**

By: /s/ Joseph Reichmann
**JOSEPH REICHMANN**