UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 22-3436-MWF (JEMx) | **Date:** October 7, 2022 |
| **Title:** | Mark Munoz et al. v. Superior Court of Los Angeles County et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANTS SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES AND PRESIDING JUDGE ERIC C. TAYLOR'S MOTION TO DISMISS [14]

Before the Court is Defendants Superior Court of California, County of Los Angeles and Presiding Judge Eric C. Taylor's Motion to Dismiss (the "Motion"), filed on July 14, 2022. (Docket No. 14). Plaintiffs People of Los Angeles County Who Are Being and Who Have Been Penally Confined in Pre-Trial Detention Because of and Dependent on Their Bail Set Above Their Inability to Pay Bail, by Mark Munoz, Jahleele Stanley, Trevor Shivers, Jose Cabrera, Samuel Cano, Victor Lopez, and Eriberto Guzman filed an Opposition on July 25, 2022. (Docket No. 19). Defendants filed a Reply on August 1, 2022. (Docket No. 20).

The Court has read and considered the papers filed in connection with the Motion and held a videoconference hearing on **August 15, 2022** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED**. Plaintiffs' claims are barred as against Defendants under the Eleventh Amendment, and the Court therefore lacks jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-3436-MWF (JEMx)           Date:  October 7, 2022
Title:    Mark Munoz et al. v. Superior Court of Los Angeles County et al.

## I. BACKGROUND

Plaintiffs initiated this action on May 20, 2022.  (*See* Complaint (Docket No. 1)).

The Complaint alleges that Plaintiffs Mark Munoz, Jahleele Stanley, Trevor Shivers, Jose Cabrera, Samuel Cano, Victor Lopez, and Eriberto Guzman are or were pretrial detainees in custody of the Los Angeles County Sheriff at Los Angeles County Jail, and were held there because of their inability to pay cash bail.  (*See id.* ¶ 1).  Plaintiffs seek to bring a class action on behalf of approximately 14,000 to 17,000 people held in pretrial detention because of their inability to pay bail, alleging violations of their constitutional rights pursuant to 42 U.S.C. § 1983.  (*See id.* ¶¶ 1, 3, 28–36).

Plaintiffs allege malicious, wanton, reckless, and deliberately indifferent acts and/or omissions, in clear violation of law and allege Defendants engage in unconstitutional conduct and arbitrarily deprive Plaintiffs of their constitutional rights by setting bail for people unable to pay it.  (*See id.* ¶¶ 8–10).

Plaintiffs bring one claim for relief for violation of their Fourth, Eighth, and Fourteenth Amendment rights "not to be subjected to be held in pretrial custody on bail they cannot afford, with deliberate indifference by defendants."  (*Id.* ¶ 11).

The Complaint prays for relief in the form of declaratory relief declaring setting bail for those who cannot afford it is unconstitutional, injunctive relief ordering California county courts to vacate cash bails for detainees unable to afford it and release pre-trial detainees who cannot afford bail, and attorneys' fees and costs.  (*See id.* at 7–8).

## II. LEGAL STANDARD

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-3436-MWF (JEMx)           **Date:** October 7, 2022
**Title:**     Mark Munoz et al. v. Superior Court of Los Angeles County et al.

court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

       A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

### III. DISCUSSION

       ***Putative failure to meet and confer:*** As an initial matter, Plaintiffs contend that Defendants failed to properly meet and confer pursuant to Local Rule 7-3, and for that reason the Motion should be stricken and Defendants sanctioned. (*See* Opposition at 2, 6–7). In response, Defendants argue that Plaintiffs failed to appear at the Rule 7-3 conference after Defendants' attempts to schedule it, and accordingly sanctions are not warranted. (*See* Reply at 13).

       Though it is regrettable the conference did not occur until after the filing of the Motion, despite Plaintiffs' claims that Defendants waited too long to attempt to schedule the Local Rule 7-3 conference, the correspondence provided by Defendants indicates that Defendants sought to schedule the conference well in advance and received no response. (*See* Cho Decl. (Docket No. 14-1) ¶¶ 2–10, Exs. A–F).

       While Plaintiffs appear correct that the direct line listed for Ms. Cho on her July 7, 2022 letter was missing and incomplete, this information was very likely accessible in a variety of other manners, including via web searches, Ms. Cho's firm's website, calling the general number for Ms. Cho's firm, utilizing the fax number provided on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-3436-MWF (JEMx)          Date: October 7, 2022
Title:     Mark Munoz et al. v. Superior Court of Los Angeles County et al.

Ms. Cho's letterhead, referencing the number in the email Ms. Cho sent, or emailing Ms. Cho herself. Plaintiffs' counsel has every right not to use email except for filing and to communicate only by mail and phone, but Defendants' counsel cannot then be blamed for their subsequent attempts to effectuate the conference of counsel via methods of communication that are inherently slower while simultaneously respecting scheduled vacations.

There is no evidence that Ms. Cho or any of Defendants' counsel were not diligent in seeking to hold the Local Rule 7-3 conference. Accordingly, the request to strike the Motion and for sanctions is **DENIED**.

However, even were the Court inclined to strike the Motion based on Local Rule 7-3, because the Court finds below that it lacks jurisdiction, the action would be dismissed in any event.

***The Eleventh Amendment:*** Defendants argue that all claims against them are barred under the Eleventh Amendment because they are state entities. (*See id.*). In particular, Defendants contend that because states are immune from claims under the Eleventh Amendment, and state courts are state entities for the purpose of analyzing state immunity, the Court lacks subject-matter jurisdiction. (*See id.*). Defendants further argue that suits against individuals in their official capacity are treated as suits against the entity, barring claims against them, especially given that the allegations in the Complaint allude only to official actions of Defendants. (*See id.* at 10–12).

In response, Plaintiffs argue that the suit is not barred as against officers acting in their official capacities when the official acts unconstitutionally, based on clear precedent, including *Ex parte Young*, 209 U.S. 123 (1908), and *Pennhurst State School & Hospital v. Haldemann*, 465 U.S. 89 (1984). (*See* Opposition at 7–10).

The Reply contends that the circumstances of *Ex parte Young* and its progeny do not apply the situation here because the State of California is the real party in interest and any injunctive ruling would interfere with the administration and affairs of the State of California. (*See* Reply at 6–7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-3436-MWF (JEMx)**              **Date:  October 7, 2022**
**Title:**     Mark Munoz et al. v. Superior Court of Los Angeles County et al.

  Lawsuits in federal court brought against a state are generally prohibited by the Eleventh Amendment.  *See Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003)).  However, the Eleventh Amendment generally does not prohibit "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law."  *Id*. at 1134 (quoting *Ex parte Young*, 209 U.S. at 155–56).  In order to maintain a suit against a state official, the official "must have some connection with the enforcement of the act" alleged to be unconstitutional.  *Id*. (quoting *Ex parte Young*, 209 U.S. at 157).

  The Court here finds that it is without jurisdiction to entertain the action.  First, because "California municipal and superior courts are arms of the state," and "[t]he Eleventh Amendment to the United States Constitution bars suits that seek either damages or injunctive relief against a state or an arm of the state," the Superior Court of Los Angeles County cannot be a defendant before this Court.  *Edmonson v. Contra Costa Superior Ct.-Richmond*, 2 F. App'x 773, 774–75 (9th Cir. 2001) (quoting, respectively, *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987), *superseded by statute on other grounds*, *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam)); *see also Elopre v. Los Angeles Cnty. Superior Ct.*, CV 20-10839-DMG (KESx), 2021 WL 3579143, at *3 (C.D. Cal. Feb. 17, 2021) ("The Los Angeles County Superior Court, as an agency of the State of California, is likewise immune from being sued" ) (citing, *inter alia*, *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment")).

  Further, there appears to be no basis for jurisdiction over Presiding Judge Taylor, or any other Superior Court Judge, as they enjoy judicial immunity for their actions taken in a judicial capacity.  "Section 1983 [] contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity."  *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).  "The statutes provides that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission *taken in such officer's judicial capacity* . . . unless a declaratory decree was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-3436-MWF (JEMx)          **Date:** October 7, 2022
**Title:**     Mark Munoz et al. v. Superior Court of Los Angeles County et al.

violated or declaratory relief was unavailable.'" *Id.* (quoting 42 U.S.C. § 1983) (emphasis and modification in original); *accord Blount v. Sacramento Cnty. Superior Ct.*, 559 F. App'x 623 (9th Cir. 2014) ("judges are absolutely immune for their judicial acts") (citing *Simmons*, 318 F.3d at 1161); *Ezor v. Lacey*, No. 21-55383, 2022 WL 1184165, at *1 (9th Cir. 2022) ("section 1983 'contemplates judicial immunity for injunctive relief for acts taken in a judicial capacity'") (quoting *Wolfe*, 392 F.3d at 366).

Setting bail is an act taken in a judicial capacity. *See Hreha v. Orange Cnty. Dist. Att'y*, SACV 19-192-JFW (JPRx), 2019 WL 935129, at *3 (C.D. Cal. Feb. 26, 2019) (citing *Miroyan v. Manley*, CV 16-958-JCS (PR), 2016 WL 2606727, at *1–*2 (N.D. Cal. May 6, 2016) ("dismissing civil rights complaint without leave to amend because judge's acts of denying bail . . . were all performed in judicial capacity"), *Pattillo v. White*, 890 F.2d 420 at *1 (9th Cir. 1989) (unpub.) (dismissing § 1983 claim based on setting of bail under judicial immunity), *Francheschi*, 57 F.3d at 830–31 (same); *cf. Matter of Extradition of Manrique*, 442 F. Supp. 3d 1172, 1175 (N.D. Cal. 2020) ("the magistrate judge acts *in a judicial capacity* when ruling on bail motions").

Accordingly, because Presiding Judge Taylor and the judges of the Superior Courts of California act in a judicial capacity when setting bail, they are immune from § 1983 cases by the text of § 1983 itself, and the Court cannot exercise jurisdiction. *See*, *e.g.*, Wolfe, 392 F.3d at 366.

## IV. CONCLUSION

Because the Court does not have jurisdiction over any of the Defendants pursuant to their immunities under the Eleventh Amendment, the Motion must be **GRANTED** and the action **DISMISSED** *without prejudice* for lack of jurisdiction. Given the Court's lack of jurisdiction, the Court finds it inappropriate to consider Defendants' remaining arguments.

As there is no jurisdiction over the action, Plaintiffs' Motion for Preliminary Injunction (Docket No. 15) is **DENIED** *without prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-3436-MWF (JEMx)          **Date:** October 7, 2022
Title:     Mark Munoz et al. v. Superior Court of Los Angeles County et al.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.